## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Joseph Emerson, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:23-cv-907 |
| | ) | |
| v. | ) | Judge Graham |
| | ) | |
| Auto Warehousing Company, et al. | ) | Magistrate Judge Litkovitz |
| | ) | |
| Respondents. | ) | |

## FEDERAL RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER, AND MOTION FOR FILING RESTRICTIONS

The U.S. District Court for the Northern District of Ohio imposed filing restrictions on Petitioner Joseph Emerson based on his pattern of filing frivolous actions against many people and entities, both public and private. To get around those restrictions, Emerson has filed three mandamus petitions in The Ohio Supreme Court in rapid succession. Each has been removed to this Court.[1]

The FBI moves to dismiss Emerson's latest mandamus petition for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Alternatively, the FBI moves to transfer Emerson's action to the Northern District of Ohio. The FBI also moves the Court to declare Emerson a vexatious litigator and impose filing restrictions for any of his future cases filed in

---

[1] *Emerson v. United States District Court, et al.*, SDOH Case No. 2:23-cv-661, *Emerson v. United States District Court, et al.*, SDOH Case No. 2:23-cv-831, and this action.

or removed to this Court. This is necessary to prevent the waste of resources taking place by Emerson circumventing the Northern District of Ohio's filing restrictions and continuing to file frivolous and unintelligible actions.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ John J. Stark
John J. Stark (0076231)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
john.stark@usdoj.gov

2

## MEMORANDUM OF LAW

### I.   BACKGROUND

This is yet another frivolous action brought by Petitioner Joseph Emerson. In December 2020, the U.S. District Court for the Northern District of Ohio ("Northern District") imposed filing restrictions on Emerson after he filed his twelfth frivolous action since 2015. Emerson had not been deterred by a prior 2019 decision barring him from proceeding *in forma pauperis*. (*See* Exhibit A, Judge James G. Carr Order in *Emerson v. Fed. Bureau of Investigation*, *NDOH Case No.* 3:20-cv-1634.) After the Northern District barred Emerson from proceeding *in forma pauperis*, he sued the FBI again in Toledo Municipal Court. (*Id.*) The FBI removed that action to the Northern District. (*Id.*) Emerson's complaint again consisted "entirely of rambling, incoherent, stream-of-consciousness narrative." (*Id.*)

Due to his twelfth frivolous lawsuit, the Northern District expanded its restrictions to permanently enjoin Emerson from filing any new lawsuits or other documents there without first seeking leave by satisfying various requirements. (*Id.*) The Northern District's Order included actions removed by a defendant to state court. (*Id.*) (stating that the removed action "will be dismissed without further notice by the Court unless Plaintiff immediately files the Motion for leave to proceed and attaches the three exhibits set forth above").[2]

---

[2] Emerson's eleven prior actions listed in the Northern District's Order are attached at Exhibit B. Emerson named more than 30 defendants over those eleven actions, ranging from the likes of the "Local 50," "Chrysler Headquarters, "Paris Hilton," "Brittany Spears," "Facebook," and the FBI. Emerson's complaints consisted entirely of rambling and

1

Now in 2023, Emerson remains undeterred. He has filed at least four more actions since the Northern District expanded its restrictions. He has filed three mandamus actions in The Supreme Court of Ohio in rapid succession, in addition to a suit in the Lucas County, Ohio Court of Common Pleas (which was removed and is currently pending before the Northern District).[3] These actions all contain similar rambling and incoherent narrative. Each has been removed to this Court.[4]

This latest lawsuit names the "Toledo FBI" and eleven other defendants including "Chrysler Headquarters/Manager," "TV 13," "TV 11," and St. Charles Hospital. (ECF No. 2, Ohio Supreme Court Case No. 2023-0262.) Emerson complains about all his prior lawsuits "rigged dismissed." (*Id.*) He asserts "stalking games sex preyed law agencies will never occur with me," "dug in St. Pauls dumpster thrown out food days other than Fridays their food kitchen," and "sex anyone has a right to any person, any day they choose." (*Id.* at pp. 1–2.) Like all his prior lawsuits, none of it makes any sense.[5]

---

incoherent narrative. All were frivolous.

[3]*Joseph Emerson v. Interstate Building Maint., et al.*, NDOH Case No. 3:23-cv-00023. Because Emerson failed to comply with the Northern District's prior restrictions, the Northern District stayed the lawsuit and ordered Emerson to properly seek and obtain leave within thirty days or else his lawsuit would be dismissed. (February 6, 2023 Order, attached as Exhibit C.)

[4]*Emerson v. United States District Court, et al.*, SDOH Case No. 2:23-cv-661, *Emerson v. United States District Court, et al.*, SDOH Case No. 2:23-cv-831, and this action.

[5]Emerson filed his first mandamus petition in The Supreme Court of Ohio on January 25, 2023, naming the Northern District and several FBI offices. (*See* SDOH Case No. 2:23-cv-661, ECF No. 2, *Summons and Writ of Mandamus and Prohibition* filed in Supreme Court of Ohio Case No. 2023-0102.) Emerson alleged that he "[b]roke an engagement a female named Kim Brooks after a spring break vacation" and that she "set up guys FBI a fabricated slander protection game." (*Id.* at PgId. 90.) His complaint jumps to various other

Emerson should be abruptly stopped. The Court should dismiss Emerson's action for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and improper venue, or in the alternative to transfer Emerson's action to the Northern District of Ohio. The FBI also requests that the Court impose filing restrictions on Emerson to prevent him from wasting further resources of both public and private parties and the courts with his pattern of frivolous filings.

## II.  LAW AND ARGUMENT

### A.  The Court should dismiss Emerson's Petition for lack of subject matter jurisdiction.

"Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939) (citing *Lambert Run Coal Co. v. Baltimore Ohio R. Co.*, 258 U.S.

---

people, entities, places, and events, with allegations that are unintelligible and impossible to connect. (*Id.* at PgId. 90–91.) The Northern District and FBI removed that action. (*Id.* at ECF No. 1.) Soon after removal, this Court *sua sponte* transferred that case to the Northern District. (Case No. 2:23-cv-661, ECF No. 4, Order.) Emerson's second mandamus petition was more of the same frivolous and unintelligible stream of consciousness. He accused the Northern District and FBI of "slander my reputation behind my back false witnesses" and "refus[ing] to stop whoring females interstate prior, making false statements after they will be promised (sic) rigged an opportunity with me." (See SDOH Case No. 2:23-cv-821, ECF No. 2, *Writ of Mandamus and Prohibition* filed in Supreme Court of Ohio Case No. 2023-0139, PgId. 49–50.) He appeared to complain about the prior removal to this Court, stating that "[o]nly the fact a IRS federal crime is being committed, would any need this case to be removed to federal court." (*Id.* at ECF No. 2; PgId 49–50.) As the Northern District of Ohio's Order shows, Emerson has a history of repetitively suing a variety of defendants on frivolous actions.

377, 382)). In other words, the federal court's jurisdiction is "derivative" of the state court's jurisdiction. *Id.* Thus, if subject matter jurisdiction did not exist in state court, it does not exist here.

The federal courts have consistently held that this derivative jurisdiction doctrine applies to removals under 28 U.S.C. § 1442. *E.g.*, *Bullock v. Napolitano*, 666 F.3d 281, 284–86 (4th Cir. 2012) (dismissing employment action removed to federal court under derivative jurisdiction doctrine because there was no waiver of sovereign immunity giving state court subject matter jurisdiction); *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *Ricci v. Salzman*, 976 F.3d 768, 772–773 (7th Cir. 2020) ("Congress has not abrogated the doctrine with respect to removals under § 1442, and neither have we."). The U.S. District Court for the Southern District of Ohio has consistently applied the derivative jurisdiction doctrine to removals under Section 1442. *E.g.*, *Hutchison v. DeWine*, No. 2:21-cv-5289, 2022 WL 2467531, *1 (S.D. Ohio July 6, 2022) (Morrison, J.) (quoting *Zeune v. Bender*, No. 2:12-cv-448, 2013 WL 1189856, *2 (S.D. Ohio Mar. 22, 2013) (Sargus, J.)); *Ohio ex rel. Bristow v. Director*, No. 2:13-cv-614, 2013 WL 5408440, *2 (S.D. Ohio Sept. 25, 2013) (Graham, J.); *Ohio ex. rel. Griffin v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, **1–2 (S.D. Ohio April 12, 2007) (Marbley, J.); *Waters v. Fed. Bureau of Investigation*, No. 2:11-cv-17, 2011 WL 1575602, *3 (S.D. Ohio Apr. 26, 2011) (Frost, J.); *Graber v. Astrue*, 2:07-cv-1254, 2009 WL 728564, * 4 (S.D. Ohio 2009) (Holschuh, J.).

4

This caselaw follows the way Congress treats removals. Congress abrogated the derivative jurisdiction doctrine for removals under the general removal statute, 28 U.S.C. § 1441. *See* 28 U.S.C. 1441(f) ("The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added). But it did not abrogate the doctrine for removals by federal officers or entities under 28 U.S.C. § 1442. *Id.* And the derivative jurisdiction doctrine serves practical purposes when an action is removed under Section 1442. It disincentivizes plaintiffs from suing federal officers and entities in the state courts, and it ensures that plaintiffs who do so cannot proceed further simply by virtue of a federal defendant exercising the statutory removal right to gain the protection of the federal forum.

It is well settled that state courts lack subject matter jurisdiction to mandamus the federal government. *E.g.*, *McClung v. Silliman*, 19 U.S. (6 Wheat) 598, 599, 602–03 (1821) (affirming Ohio Supreme Court's judgment for federal officer but noting that grounds for judgment were incorrect because it was "obvious" that the state court lacked jurisdiction to mandamus a federal officer); *Ex parte Shockley*, 17 F.2d 133, 137 (N.D. Ohio 1926) ("[T]he law is plain that a state court has not power to control by mandamus the official discretion of an officer or agent of the United States in his performance of a duty vested in him by a law of the United States . . . ."). And under the derivative jurisdiction doctrine, this Court does not acquire

5

jurisdiction upon removal where the state court itself lacked subject matter jurisdiction. Therefore, because the state court lacked jurisdiction to mandamus the federal court, this Court similarly lacks jurisdiction and should dismiss the Federal Respondent from this action.

Additionally, this Court may, at any time, dismiss an action when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)); *see Hassink v. Mott*, 47 Fed. App'x 753, 755 (6th Cir. 2002) (holding that district court properly dismissed the case sua sponte for lack of subject matter jurisdiction where the plaintiff's complaint lacked an arguable basis in law). Here, Emerson unfortunately continues his history of frivolous, incoherent, and vexatious litigation that rambles on in "stream of consciousness narrative." (Exhibit A, Judge Carr Order.) Thus, Emerson's action should be dismissed for lack of subject matter jurisdiction.

## B. The Court Should Dismiss Emerson's Complaint for failure to state a claim upon which relief can be granted.

Mandamus relief is extraordinary and intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984); *O'Georgia v. U.S. Dep't of Justice*, 370 F. Supp. 2d 657, 659 (N.D. Ohio 2005) (citing *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991)). Mandamus relief "is to be used 'sparingly and only in the most critical and exigent circumstances.'"

6

*Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305–06

(2004) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312,

1313 (1986)). In sum, "[m]andamus relief is appropriate only if the petitioner shows

that his right to relief is 'clear and indisputable,' and that there exists 'no other

adequate means to attain the relief he desires.'" *Caldwell v. United States*, No. CV

6:14-225-DLB, 2015 WL 7455824, at *3 (E.D. Ky. Nov. 23, 2015) (citing *Allied*

*Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). As a result, mandamus review

must be confined to matters of usurpation of judicial power or clear abuse of

discretion. *Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) (citing *Bankers Life &*

*Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953)).

Emerson's tangled and rambling allegations fail to show that the Federal

Respondent owes him a clear and indisputable nondiscretionary duty and that he

has exhausted all other avenues of relief. Thus, Emerson fails to state a claim for

the extraordinary remedy of mandamus relief.

**C. The Court should dismiss under Fed. R. 12(b)(3) or, in the alternative, transfer to the Northern District of Ohio.**

Whether venue is proper "depends exclusively on whether the court in which the

case was brought satisfies the requirements of federal venue laws." *Atl. Marine*

*Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*, 571 U.S. 49, 55 (2013).

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled

factual allegations regarding venue as true, draws all reasonable inferences from

those allegations in the plaintiff's favor, and resolves any factual conflicts in the

7

plaintiff's favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009) (quoting *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008)). But once an objection to venue is raised, the burden is on the plaintiff to establish that venue is proper. *See, e.g., Costaras v. NBC Univ.*, 409 F. Supp. 2d 897, 907 (N.D. Ohio 2005) (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046 (S.D. Ohio 2002)). The Court is not obligated to accept the plaintiff's legal conclusions. *Haley*, 667 F.Supp.2d at 140.

The convenience of forum for the parties is a primary consideration in determining whether venue is proper. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Venue may be waived. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1149 (6th Cir. 1990). It is to be applied to protect the defendant against the plaintiff's choice of an unfair or inconvenient place for trial. *See Leroy*, 443 U.S. at 183–84. When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a).

Under 28 U.S.C. § 1391(b), "A civil action may be brought in—

(1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

8

As with his prior filings, Emerson's latest Petition is impossible to follow. But he references working for the City of Toledo and sues various respondents with addresses in Toledo. His address is in Toledo. And he attached various documents from Lucas County, Ohio. Thus, proper venue for this case is the U.S. District Court for the Northern District of Ohio. When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a).

A Court may transfer a case to a more convenient forum pursuant to 28 U.S.C. § 1404(a). In considering a transfer under § 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness . . . ." *Moses v. Bus. Card. Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). A court may consider factors such as access to proof, witnesses' ability to attend trial, enforceability of any judgment rendered, and "prevent[ing] unnecessary waste of time, energy and money and to protect witnesses and the public interest against unnecessary inconvenience and expense." *MJR Intern.*, 2007 WL 2781669 at *2 (*citing Rowe v. Chrysler Corp.*, 520 F. Supp 15 (E.D. Mich. 1981)).

### D. The Court should declare Emerson a vexatious litigator and impose filing restrictions.

Federal courts have the inherent authority to fashion an appropriate sanction

for conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Such inherent authority includes the discretion to impose filing restrictions on an individual with a history of harassing litigation. *Shephard v. Marbley*, 23 Fed. App'x 491, 493, 2001 WL 1557003, at \*2 (6th Cir. 2001) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)); *Wrenn v. Vanderbilt Univ. Hosp.,* 1995 WL 111480, at \*3, 50 F.3d 11 (6th Cir. Mar.15, 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)" and plaintiff's "extensive history of filing frivolous actions and appeals has diverted the federal courts' attention and resources from those that are brought in good faith and constitutes an abuse of the legal system."). Litigants who file cases without merit waste the resources of the Court and the named defendants. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

Moreover, the Court can act in the interest of efficiency even if venue is absent here and present in the Northern District. *Emrit v. Trump*, No. 1:19-cv-18, 2019 WL 140107, \*3 (S.D. Ohio 2019) (reasoning that efficiency favored dismissal and filing restrictions even though there was a clear absence of venue) (Bowman, M.J.),

*adopted by* 2019 WL 935028 (S.D. Ohio Feb. 26, 2019) (Barrett, J.).

And Emerson's repetitive filing of mandamus petitions in The Supreme Court of Ohio to circumvent the Northern District's filing restrictions is good reason to impose restrictions on him for actions removed to this Court. Emerson's action is frivolous, not the Northern District's removal of it. *See Sassower v. Abrams*, 833 F. Supp. 253, 271–72 (S.D.N.Y. 1993) (preventing abuse by litigant filing in state court by directing that upon removal from state court plaintiff must submit an "Application for Leave to Continue Action" and until leave is granted the Clerk will not accept any documents from plaintiff); *see also Maisano v. CoreCivic*, No. CV 17-04541, 2017 WL 8792544, *3 (D. Arizona Dec. 13, 2017) (dismissing prisoner's complaint upon screening after defendant removed, holding that plaintiff should be able to evade federal filing restrictions by filing state court complaint that was "incoherent, rambling, and virtually incomprehensible").[6]  Indeed, for actions filed

---

[6] To hold that filing restrictions should not be imposed because a defendant removes the action to federal court would incentive a plaintiff to repeatedly circumvent federal restrictions by filing in state court. That should not be the law—especially when a federal officer or entity removes from a state court that does not have legal authority over federal officers or entities. *But see Hutchison v. DeWine*, No. 2:21-cv-5289, 2022 WL 683417 (S.D. Ohio March 8, 2022) (Jolson, J.) (recommending dismissal for lack of subject matter jurisdiction but recommending denial of filing restrictions in part on grounds that "this action is only before the Court because Federal Defendants *removed* it here—not because Plaintiff initiated it here. That makes it an even less appropriate vehicle for designating Plaintiff a vexatious litigant."), *adopted by Hutchison v. DeWine*, 2022 WL 2467531 (S.D. Ohio July 6, 2022) (Morrison, J.). The Court should not apply such reasoning to this case because it allows plaintiffs to forum shop with vexatious litigation against federal officers or entities in state courts—exactly what Emerson is doing—and use as a strike against the Court's inherent authority the simple fact that a federal defendant exercises its statutory right to remove to federal court under 28 U.S.C. § 1442. The Northern District's removal is not frivolous; the action being removed is frivolous.

in The Supreme Court of Ohio, the FBI must remove to this Court instead of to the Northern District. 28 U.S.C. § 1442(a) (stating that federal defendants must "remove[] to the district court of the United States for the district and division embracing the place wherein it is pending[.]"). Thus, if the federal defendants wish to exercise their statutory right to remove to the federal forum, they must remove to this Court and do so within 30 days of service of the summons and complaint. *Id.*; 28 U.S.C. § 1446(b).

Emerson's "pro se status is no excuse for wasting the parties' and Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits." *Bush v. OPM-Post Retirement*, No. 1:14-cv-424, 2014 WL 2442163, *2 (S.D. Ohio May 30, 2014) (Bowman, MJ), *adopted by* 2014 WL 3764486 (S.D. Ohio July 31, 2014) (Dlott, J.); *see also Lutz v. Columbus*, No. 1:11-cv-350, 2011 WL 6307886, *3 (S.D. Ohio Nov. 23, 2011) (Litkovitz, MJ) (recommending, with regard to pro se complaint, that the "proper method for handling prolific litigators is to require that they seek leave of the Court before filing further complaints") (internal citation and quotation omitted), *adopted by* 2011 WL 6296730 (S.D. Ohio Dec. 16, 2011) (Barrett, J).

The cumulative burden of Emerson's repeated filings is substantial. Emerson is forum shopping after having reasonable filing restrictions imposed on him in the Northern District of Ohio. Given Emerson's litigative history, filing restrictions are necessary to ensure that he does not continue to bring vexatious litigation and

12

waste the resources of the parties and the Court.

As a result, the Court should declare Joseph Emerson a vexatious litigator and impose at least the following restrictions:

- Any of Joseph Emerson's actions removed from state court to the U.S. District Court for the Southern District of Ohio are stayed for 30 days without need for further filings by the removing party or other defendants, during which time Emerson must submit a certification from an attorney in good standing in this Court or the jurisdiction in which he or she is admitted stating that Emerson's action is not frivolous or brought for any improper purpose.

- Any complaints or other documents filed by Joseph Emerson in the U.S. District Court for the Southern District of Ohio must be accompanied by the attorney certification before the Clerk will accept them for filing.

- If Joseph Emerson fails to provide the attorney certification within 30 days of the date of the Notice of Removal filing for a removed action or within 30 days of his filing any complaint or other document, his action shall be dismissed.

## III. CONCLUSION

For the reasons explained above, the Court should dismiss latest Emerson's complaint for lack of subject matter jurisdiction, improper venue, or failure to state a claim upon which relief can be granted, or in the alternative transfer his action to the U.S. District Court for the Northern District of Ohio. The Court should also impose filing restrictions on Emerson for any actions filed by him that are removed to this Court or filed originally in this Court.

(Signature follows)

13

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ John J. Stark
John J. Stark (0076231)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
614-469-5715
john.stark@usdoj.gov

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2023, I filed the foregoing **Federal**

**Respondent's Motion To Dismiss Or In The Alternative Transfer, And**

**Motion For Filing Restrictions** using the CM/ECF system, and that on the same

date I caused a copy of this notice to be served by ordinary first-class mail via the

United States Postal Service to the following:

Joseph Emerson
P.O. Box 13
Toledo, Ohio 43697

Auto Warehousing Company
4405 Chrysler Drive #25
Toledo, OH 43608,

Lori Loughlin, Olivia Jadegiannulli, Isabella Rose Giannulli
81307 Amundsen Avenue
Laquinta, California 92253

Premier Bank and Manager
3426 Navarre Avenue
Oregon, Ohio 43616

Chrysler Headquarters/Manager
1000 Chrysler Drive
Auburn Hills, Michigan 48326

Grant Gilbert/Toledo Homefinders LLC
P.O. Box 8000
Toledo, Ohio 43605

E&K Contractors/Bob Ewing
4030 Fitch Road
Toledo, Ohio 43613

Matthew J. Cavanagh counsel for TV 13 Toledo/ Cheris Fedele
McDonald Hopkins LLC
600 Superior Avenue E, Suite 200
Cleveland, OH 44114

TV 13 Toledo/ Cheris Fedele
4247 Door Street
Toledo, Ohio 43607

Black and White Cab /Greg Webb
4665 Bancroft Street
Toledo, Ohio 43615

TV II Toledo/ Brian Lorenzen
730 North Summit Street
Toledo, Ohio 43604

Bay Park Hospital/Manager in charge
280 I Bay Park Drive
Oregon, Ohio 43616

St. Charles Hospital
2600 Navarre Avenue
Oregon, Ohio 43616

/s/John J. Stark
John J. Stark
Assistant United States Attorney

16